**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

PENN BROTHERS PARTNERSHIP; and                                                                      PLAINTIFFS
JAMES M. PENN and JOSEPH H. PENN,
as Partners in Penn Brothers Partnership

v.                                             No. 3:17CV00251 JLH

KBX, INC., *et al*.                                                                                               DEFENDANTS

## OPINION AND ORDER

This case is one of the many pieces of litigation spawned by the demise of Turner Grain Merchandising, Inc.—a grain brokerage company in Brinkley, Arkansas, which did business as Turner Grain.[1] The plaintiffs, Penn Brothers Partnership and its principals, James M. Penn and Joseph H. Penn, are farmers in Eastern Arkansas who sold grain to Turner Grain but were not paid. They commenced this action in the Circuit Court of Lawrence County, Arkansas, against K.B.X., Inc., NEA Truck Brokers, LLC, and several persons and entities affiliated with Turner Grain. The plaintiffs allege that Turner Grain was an agent for K.B.X. and that most or all of the other defendants were Turner Grain's alter egos.

The complaint, which consists of 246 paragraphs, alleges three counts of breach of contract, three counts of conversion, fraud, constructive fraud, theft by deception, violation of the Arkansas Deceptive Trade Practices Act, civil conspiracy, and unjust enrichment—all causes of action arising under the laws of the State of Arkansas. In addition, one count alleges that K.B.X. received rice that was subject to a security interest in favor of Commodity Credit Corporation, that K.B.X. had notice of the security interest pursuant to the Food Security Act, 7 U.S.C. § 1631, that K.B.X. resold the rice subject to the security interest without paying Commodity Credit Corporation, and that

---

[1] Turner Grain Merchandising, Inc., has filed bankruptcy and is not a party to this action.

James Penn paid Commodity Credit Corporation for part of the outstanding loan amount and is therefore due payment from K.B.X. for the amounts he has paid.

Citing the claim under the Food Security Act as a basis for federal question jurisdiction, K.B.X. removed the case to this Court.[2] Now, K.B.X. has moved to dismiss the complaint. For its argument that the Food Security Act claim should be dismissed, K.B.X. contends that the plaintiffs lack standing to assert the security interest of Commodity Credit Corporation. The plaintiffs respond that because James Penn paid part of the loan secured by the lien in favor of Commodity Credit Corporation, he now can assert a claim under the Food Security Act. K.B.X. says that the claim that purports to be a claim under this Act is simply a claim for conversion. K.B.X. is correct that the plaintiffs lack standing to assert rights under the lien that they granted in favor of Commodity Credit Corporation.

The plaintiffs' theory of the case is that when they sold grain to Turner Grain, Turner Grain was acting on behalf of K.B.X. as an undisclosed principal. Therefore, when Turner Grain failed to pay the plaintiffs, that failure constituted a breach of contract by K.B.X. The plaintiffs also allege that K.B.X. knew about fraudulent activities of Turner Grain and permitted Turner Grain to continue in those fraudulent activities as its agent, so K.B.X. is liable to the plaintiffs for the fraudulent activities of Turner Grain. All of the plaintiffs' claims against K.B.X. depend upon the allegations that Turner Grain was acting on behalf of K.B.X. as an undisclosed principal so K.B.X. is liable to the plaintiffs for the conduct of Turner Grain. The claim under the Food Security Act is no different. That count alleges that the notice required under the Food Security Act was given to Turner Grain

---

[2] All of the parties appear to be citizens of the State of Arkansas, so there is no diversity of citizenship jurisdiction.

2

as agent for K.B.X. If it is true that Turner Grain acted as agent for K.B.X., then K.B.X. may be liable to the plaintiffs for breach of contract, fraud, conversion, or another of the state-law claims, and the plaintiffs may recover against K.B.X. for breach of contract, fraud, conversion, or one of the other state-law claims.

The plaintiffs cannot, however, recover against K.B.X. to enforce the lien that they granted in favor of Commodity Credit Corporation. That lien was granted to protect Commodity Credit Corporation, not the plaintiffs: it was to insure that Commodity Credit Corporation got paid when the plaintiffs sold their grain, not to insure that the plaintiffs got paid. If a purchaser of farm products as defined in the Food Security Act takes products that are subject to a lien perfected under the Act, that purchaser may be liable to the lienholder whether or not the purchaser pays the seller for the grain, but the lien is not designed to protect the grain seller who is indebted to the lienholder. If a purchaser takes products that are secured under the Food Security Act and pays neither the seller nor the lienholder, the seller may have a claim against the purchaser for breach of contract or conversion, but it does not have a claim to enforce the lien.

The fact that James Penn paid part of the debt that was secured by the lien in favor of Commodity Credit Corporation does not change the result. Although the plaintiffs do not name the legal theory upon which they rely, it appears to be the doctrine of equitable subrogation. As the Eighth Circuit has explained:

> Under Arkansas law, "subrogation is an equitable remedy that rests upon principles of unjust enrichment and attempts to accomplish complete and perfect justice among the parties." *St. Paul Fire & Marine Ins. Co. v. Murray Guard, Inc.*, 343 Ark. 351, 37 S.W.3d 180, 183 (2001). Equitable subrogation, which arises by operation of law, "is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which that other party should have paid." *Id*.

3

*In re Francis*, 750 F.3d 754, 757 (8th Cir. 2014).  Here, when James Penn paid part of the debt secured by the lien in favor of Commodity Credit Corporation, he paid a debt for which Penn Brothers was primarily liable, not K.B.X.  Therefore, the doctrine of equitable subrogation does not apply.

The plaintiffs do not have standing to assert a claim against K.B.X. under the Food Security Act, 7 U.S.C. § 1631, is dismissed without prejudice.

In a civil action in which a district court has original jurisdiction, the district court also has supplemental jurisdiction over other claims that form part of the same case or controversy as the claim over which the Court has original jurisdiction.  28 U.S.C. § 1367.  A district court may decline to exercise supplemental jurisdiction over a claim if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances in which other compelling reasons for declining jurisdiction are present.  28 U.S.C. § 1367(c).  Here, the first three reasons for declining supplemental jurisdiction all apply.  First, the Court has dismissed the one claim that allegedly gave rise to original jurisdiction—the claim under the Food Security Act.  Moreover, even if that claim were not dismissed, the Court would not exercise supplemental jurisdiction over the claims based on state law because those claims raise novel, complex issues of state law and they substantially predominate over the claim under the Food Security Act.

The plaintiffs' claim against K.B.X., Inc., under the Food Security Act is dismissed without prejudice.  The Court declines to exercise supplemental jurisdiction over the remainder of the claims in the complaint of the plaintiffs and would do so even if the claim under the Food Security Act were

4

not dismissed.  Except for the claim under the Food Security Act, which is dismissed, all claims are remanded to the Circuit Court of Lawrence County, Arkansas.

    IT IS SO ORDERED this 29th day of January, 2018.

                                                                              J. LEON HOLMES
                                                                              UNITED STATES DISTRICT JUDGE